20714.   GREGORY *v.* HAMILTON, State Treasurer.

ARGUED JANUARY 12, 1960—DECIDED FEBRUARY 12, 1960—
REHEARING DENIED MARCH 14, 1960.

*Wm. G. Grant, J. Frank Myers*, for plaintiff in error.
*Eugene Cook*, Attorney-General, *A. J. Hartley*, Assistant Attorney-General, *E. Freeman Leverett*, Deputy Assistant Attorney-General, contra.

ALMAND, Justice. The exception under review is to an order sustaining the general demurrers to a petition seeking by writ of mandamus absolute to require the Treasurer of the State of Geor-

gia to segregate from the general funds of the State and set apart to the credit of the State Highway Department certain specified sums representing the amount of the motor fuel and motor vehicle license taxes paid into the State treasury during the fiscal years 1952-1957 inclusive; and to do likewise for the fiscal years ending June 30, 1958 and June 30, 1959.

The petition alleged: that the defendant as State Treasurer was and is under the duty of depositing in a State depository all funds set apart and allocated to the State Highway Department, in that, under the 1952 amendment to Art. 7, Sec. 9, Par. 4 of the Constitution of 1945 (Code § 2-6204), the net amount of all motor fuel and motor vehicle license taxes is appropriated and allocated for the sole use of the State Highway Department. Petitioner alleges in count 1 that, for the fiscal years 1952 to 1957 inclusive, there should have been set aside in the treasury solely for the use of the Highway Department $x$ number of dollars, representing the amount of motor fuel and license taxes paid into the treasury during this period, but only $y$ amount of dollars was received by the Highway Department from these sources, and the difference thereby due and owing to the department amounted to more than 15 million dollars. Counts 2 and 3 assert that it is the duty of the defendant to segregate the net amount of all such taxes paid into the treasury during the fiscal years ending June 30, 1958, and June 30, 1959, and deposit the same for the sole use of the Highway Department.

The question at issue is: Do the Constitution and laws of Georgia require the State Treasurer to collect, separate, or hold apart from the general fund, for the sole use of the Highway Department, the proceeds from taxes collected from the distributors of motor fuel and from the sale of motor vehicle license tags?

In the Constitution of 1877 (Art. 3, Sec. 7, Par. 11; Code § 2-1811) it was provided that no money shall be drawn from the treasury except as appropriated by law. This section was carried forward in the Constitution of 1945 (Art. 3, Sec. 7, Par. 11; Code § 2-1911). The Constitution of 1945 contained a new section entitled "Appropriation Control" (Art. 7, Sec. 9, Pars. 1-5 incl.; Code §§ 2-6201—2-6205 incl.). In substance the five paragraphs of this section provide: the Governor shall submit to

the General Assembly a budget message, accompanied by a draft of a general appropriations bill which shall provide for the appropriations of the funds necessary to operate the various departments for the ensuing fiscal year; that each General Appropriations Act, with such amendments thereto as are from time to time adopted, shall remain in effect until repealed or another General Appropriations Act is adopted; that the appropriations for each department shall be for a specific sum of money and no appropriation shall allocate to any object the proceeds of any particular tax or fund or a part or percentage thereof; and that any appropriation made in conflict with these provisions shall be declared void.

At the time the Constitution of 1945 was adopted, there were in existence several laws which levied specific taxes and provided that the proceeds from the collection of the taxes were for the sole use of a particular department or agency of government, such as the motor license tag fees (Ga. L. 1937, pp. 155, 166; Code, Ann., § 92-2912); allocation of motor fuel tax (Ga. L. 1937, pp. 167, 180; Code, Ann., § 92-1404); allocation from cigarette and cigar taxes (Ga. L. 1937, pp. 83, 108; Code, Ann., § 92-2274); and the taxes on wine (Ga. L. 1937, pp. 851, 860, Code, Ann., § 58-929).

It seems evident that the purpose of the section on "Appropriation Control" and of Art. 7, Sec. 2, Par. 3 of the Constitution of 1945 (Code § 2-5503), which provides that all sums collected from taxes, fees, or assessments for State purposes shall be paid into the general fund of the State treasury and shall be appropriated therefrom by the General Assembly, was to end the practice of allocating or earmarking particular taxes for the use by any specific department, and to require the General Assembly to appropriate from the general fund specific amounts for each fiscal year for the support of each department or agency.

The plaintiff's contention is that in 1952 Art. 7, Sec. 9, Par. 4 of the Constitution of 1945 (Code § 2-6204) was amended and the effect of the amendment is to allocate and appropriate all motor fuel and motor vehicle license taxes paid into the general fund for the sole use of the Highway Department, and that such amendment, being self-operative, requires the Treasurer to

set apart these funds from the general fund for the credit and sole use of the Highway Department.

To this contention we cannot agree. This amendment added a new subsection to the section "Appropriation Control," and directs the General Assembly in each General Appropriations Act to make "the aggregate of the fixed appropriations for highway purposes an amount not less than the total motor fuel and motor vehicle license taxes received by the State Treasury for the immediately preceding fiscal year. . . The expenditure of the appropriations made in conformity with this provision shall be subject to all the rules, regulations and restrictions imposed on the expenditure of appropriations by provisions of this State Constitution and other laws enacted by the General Assembly." Paragraph 2 of this same section (Code § 2-6202) provided that each section of the General Appropriations Act effective at the time of the adoption of the Constitution (1945), of general application and pertaining to the administration, limitation, and restriction on the payment of appropriations shall remain in effect "until specifically and separately repealed by the General Assembly."

At the time of the adoption of the Constitution in 1945, the following Code sections were effective: Code §§ 40-204, 40-407, 40-414, and 40-1101. Also sections 33, 55, 57, 58, 59, 60, 62 and 63 of the General Appropriations Act of 1943 were effective and have been re-enacted in the General Appropriations Acts of 1953 and 1956 (Ga. L. 1943, p. 84; Ga. L. 1953, Jan.-Feb. Sess., p. 151; Ga. L. 1956, Vol. 1, p. 753). Section 55 (Ga. L. 1943, pp. 84, 94) provides: "The fixed sums appropriated in this Act for the cost of operating the Agencies and for other purposes shall be in lieu and/or inclusive of, and not in addition to, all amounts realized from taxes, fees and collections specially allocated for the support of the respective agency under any law now or hereafter to become operative, making specific allocation for the support of the respective Agency, and the operation of parts of Acts so allocating revenues for specific purposes is hereby suspended for the periods for which fixed sums are appropriated under the within Act. The State Agencies charged with the duty of collecting the revenue affected by the provisions of this section are hereby directed to pay all of said revenues into the General

Fund of the State Treasury." Section 63 (Ga. L. 1943, pp. 84, 96) provides: "At the end of each fiscal year the amount of each appropriation provided for in this Act which has not been allotted by Budget Bureau authorities in writing shall lapse and cease to be available and the State Treasurer, upon receiving notice of same, shall not pay any unallotted appropriation and shall make the necessary adjustments in his appropriation accounts to charge off the amount of the lapsed appropriations."

The 1952 amendment does not in itself appropriate to the Highway Department the net proceeds from the collection of motor fuel taxes and motor vehicle license fees, but directs the General Assembly in the adoption of a General Appropriations Act to appropriate for highway purposes an amount of money out of the funds "not less than the total motor fuel and motor vehicle license taxes received by the State Treasury for the immediately preceding fiscal year."

It does not appear from the Constitution and laws of this State that the defendant Treasurer is under any legal duty to separate from the general funds and deposit in a State depository any specific sum of money or any unused appropriated funds for use by the State Highway Department.

It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. While the wisdom of adopting the constitutional amendment may well be questioned, courts should not allow its nullification as has been done in this case. The Constitution leaves no reasonable doubt but that the funds appropriated to the Highway Department as therein directed are, when once appropriated, beyond the lawful power of any official to use for any other purpose.